**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7307**

JOSEPH BRATCHER,

       Plaintiff - Appellant,

    v.

HAROLD CLARKE,

       Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-00474-AJT-MSN)

Submitted: April 19, 2019                Decided: May 13, 2019

Before FLOYD and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam opinion.

Joseph Allen Bratcher, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Allen Bratcher appeals the district court's order granting Harold Clarke's motion for summary judgment and denying Bratcher's motion for a preliminary injunction on his First and Fourteenth Amendment claims raised pursuant to 42 U.S.C. § 1983 (2012). Before addressing the merits of Bratcher's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (alteration, citations, and internal quotation marks omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Carter v. Fleming*, 879 F.3d 132, 137 (4th Cir. 2018) (internal quotation marks omitted). "[F]or a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability." *Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009).

While this appeal was pending, Bratcher was released from custody. In his complaint, Bratcher only sought declaratory and injunctive relief. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). We have concluded that a similar challenge to a policy restricting publications allowable in a maximum-security prison was rendered moot by the prisoner's transfer to a unit that was not subject to that policy. *Incumaa v. Ozmint*,

2

507 F.3d 281, 287-88 (4th Cir. 2007). "The customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment" and remand with instructions to dismiss the claim. *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 390 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 67 (2018) (internal quotation marks omitted); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

Accordingly, we vacate the district court's order and remand with instructions to dismiss Bratcher's complaint as moot. We deny Bratcher's motion to reconvene the panel that decided his prior appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*